**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

**ANNA O'LESKA**
4117 W Street NW, Apt. 303
Washington, DC 20007

      Plaintiff,

  Case No.:

*v.*

**MOM'S ORGANIC MARKET, INC.**
5612 Randolph Road
Rockville, MD 20852

*Serve:*
The Corporation Trust Incorporated
2405 York Road, Suite 201
Lutherville Timonium, MD 21093

      Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Anna O'Leska, by and through undersigned counsel, and respectfully makes their Complaint against Mom's Organic Market, Inc. In support of this Complaint, the Plaintiff relies on the grounds set forth below.

## JURISDICTION

1.     This Court has jurisdiction over this matter as it arises from an incident that occurred on or about March 6, 2024 at or about Mom's Organic Market located at 1901 N Veitch Street, Arlington, Virginia 22201 (hereinafter "the premises").

2.     Personal jurisdiction exists over the Defendant, inasmuch as the Defendant is a Maryland Corporation that owned, maintained, managed, leased, serviced, and/or otherwise controlled the above-described premises.

3.    Venue lies in the United States District Court for the District of Maryland Southern Division, as the Defendant is a Maryland corporation that has its headquarters and principal place of business within the geographic bounds of this Division.

4.    This Court has subject matter jurisdiction of the causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1332 as complete diversity exists between the parties and the amount in controversy exceeds $75,000.00.

## PARTIES

5.    Plaintiff Anna O'Leska (hereinafter "Plaintiff O'Leska"), is and has been a resident of the District of Columbia at all times relevant to this Complaint.

6.    Defendant Mom's Organic Market, Inc. (hereinafter "Mom's") is and has been a Maryland corporation at all times relevant to this Complaint, authorized to do business and operate grocery stores in the Commonwealth of Virginia, including the premises.

## BACKGROUND

7.    At all times relevant herein, Defendant owned, maintained, managed, leased, serviced, and/or otherwise controlled the premises for the purpose of operating a retail store open to the public.

8.    On or about March 6, 2024, Plaintiff was lawfully on the premises as a customer for the purpose of purchasing groceries.

9.    During her visit, Plaintiff proceeded to the rear area of the store to use the customer restroom.

10.    Unbeknownst to Plaintiff, the restroom door had a small, inconspicuously placed paper sign indicating that the restroom was "out of order."

11.    Due to Plaintiff's advanced age, use of a walker, hunched posture and subsequent limited ability to see upwards, the placement of the inconspicuous sign above eye-level was not visible or reasonably noticeable.

12.    The restroom door was unlocked and fully accessible to patrons and no barrier, tape or other physical obstruction was present to prevent entry.

13.    After using the restroom, Plaintiff attempted to exit, at which time the door handle suddenly and unexpectedly detached from the door.

14.    The detachment of the door handle caused Plaintiff to lose balance and fall backwards, resulting in a severe hip fracture.

15.    At all times relevant hereto, Defendant knew or should have known of the defective condition of the restroom door handle and the inadequacy of the signage and warnings intended to prevent patron use.

16.    Defendant failed to properly repair, maintain, restrict access to, or provide clear, visible and effective warnings regarding the restrooms unsafe and out of service condition.

17.    The bathroom door, which caused the above mentioned injuries is depicted below:

 

## **COUNT I: NEGLIGENCE**
**(Negligent Maintenance, Negligent Failure to Warn)**

18.    Plaintiff incorporates all previous paragraphs fully herein.

19.    At all times relevant to this action, the Defendant owed a duty to the Plaintiff and other persons similarly situated to exercise reasonable care in the maintenance, and/or operation of the premises, which includes the duty to maintain its access points promptly and so they are in a reasonably safe condition, but to also prominently notify patrons if there is damage that needs to be repaired that it should be unmistakably apparent that the area is out of use.

20.    At all times relevant to this action, the Defendant breached the above duties to exercise reasonable care in the maintenance, and/or operation of the premises, by negligently delaying repairs to the door handle and allowing the restroom to remain unlocked and accessible despite knowledge of its unsafe condition; placing an inconspicuous, inadequate paper sign that was not reasonably visible to customers,

including those with physical limitations; using a sign that did not properly warn customers of the defective nature of the door handle; and failing to place barriers, tape or physical obstructions to prevent entry.

21.    At all times relevant to this action, the Defendant breached the above duties to exercise reasonable care in the construction, maintenance, and/or operation of the premises, by negligently failing to provide adequate warning of a broken door handle at an entry point of the premises, such that the condition rendered the door inoperable and unsafe for use, and no adequate signage or barrier was placed to alert patrons that the door handle was broken in such a manner that if it was pulled then it would come out of the door, thereby creating unreasonable risk of harm to individuals in the premises.

22.    To the extent that that the out of service restroom door, defective door handle or inadequate warnings sign violated applicable building codes, maintenance standards or safety regulations, Defendant's conduct constitutes negligence per se.

23.    As a direct and proximate result of Defendant's negligence, Plaintiff suffered a severe hip fracture, requiring significant medical treatment and hospitalization causing ongoing pain and limitations in mobility.

24.    As a direct and proximate result of the aforesaid negligence the Defendant, Plaintiff suffered injuries and damages, including but not limited to: a severe fracture of her pelvis and persistent pain and tenderness. On account of these injuries, Plaintiff has incurred, and will continue to incur, medical, surgical, hospital and other expenses in an effort to care for their injuries; and they have suffered, and they will in the future suffer, non-economic losses; all of which may be permanent in nature.

25.    At all times relevant to the incident complained of herein, Plaintiff was exercising due care for her surroundings and reasonably expected the restroom entrance

point to be in use or obvious in its closure; however the failure of the Defendant to adequately warn of the latent hazard caused Plaintiff to fall, and, moreover, Plaintiff assumed no risk of injury.

WHEREFORE, Plaintiff O'Leska demands judgment of and against the Defendant in an amount in excess of $75,000.00, plus interest, costs, and any other relief that the Court deems just and appropriate.

Respectfully submitted,


*/s/ Jason R. Goren*
Jason R. Goren
Bar No.: 18833
Slocumb Law Firm, L.L.C.
1140 19th Street, NW
4th Floor
Washington, DC 20036
P: (202) 737-4141
F: (202) 601-2479
jgoren@slocumblaw.com
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues.

Respectfully submitted,

*/s/ Jason R. Goren*
Jason R. Goren
Bar No.: 18833
Slocumb Law Firm, L.L.C.
1140 19th Street, NW
4th Floor
Washington, DC 20036
P: (202) 737-4141
F: (202) 601-2479
jgoren@slocumblaw.com
*Counsel for Plaintiff*

## <u>CERTIFICATE OF ATTORNEY</u>

I HEREBY CERTIFY that I am admitted to practice law in Maryland and that I am a member in good standing of the Maryland State Bar in accordance with Maryland Rule 1-313.

Respectfully submitted,


*/s/ Jason R. Goren*
Jason R. Goren
Bar No.: 18833
Slocumb Law Firm, L.L.C.
1140 19th Street, NW
4th Floor
Washington, DC 20036
P: (202) 737-4141
F: (202) 601-2479
jgoren@slocumblaw.com
*Counsel for Plaintiff*